Kelly D. Jones, O.S.B. No. 074217
kellydonovanjones@gmail.com
819 SE Morrison St., Suite 255
Portland, OR 97214
Telephone (503) 847-4329
Fax (503) 715-0524

Bret Knewtson, O.S.B No. 03355
bknewtson@yahoo.com
3000 NW Stucki Pl., Suite 230-M
Hillsboro, OR 97124
Ph: (503) 846-1160
Fax: (503) 922-3181
Plaintiff's Attorney

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CLARK K. THURMAN and JANICE K. THURMAN,<br>Plaintiffs,<br><br>v.<br><br>WEST ASSET MANAGEMENT, Inc., a Delaware corporation, and J.P. MORGAN CHASE BANK, N.A., a national association,<br>Defendants. | Case No.: 12-1756<br><br>COMPLAINT<br>Telephone Consumer Protection Act<br>(47 U.S.C. § 227, *et seq*) and<br>Fair Debt Collection Practices Act<br>(15 U.S.C. §1692, *et seq*)<br><br>DEMAND FOR JURY TRIAL |

INTRODUCTION

1.      Plaintiffs bring this action to secure redress for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA")*;* all of the alleged violations of the FDCPA having taken

COMPLAINT – TCPA and FDCPA                                                                                           Page 1

place within the last twelve (12) months.

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 28 U.S.C. §1331, 15 U.S.C. §1692k (d), and 47 U.S.C. §277 *et seq*.

3.     Venue is proper in this District because the acts, transactions, and violations complained of occurred within this District, both named plaintiffs reside within this District, and both named Defendants regularly conduct business within this District.

## PARTIES

4.     Plaintiff Clark K. Thurman (hereinafter "Mr. Thurman" or "Plaintiff") is a natural person who resides in Washington County, Oregon, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5.     Plaintiff Janice K. Thurman (hereinafter "Ms. Thurman" or "Plaintiff") is a natural person who resides with her son, Mr. Thurman, in Washington County, Oregon, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6.     Defendant West Asset Management, Inc. (Hereinafter "West" or "Defendant") is a Delaware corporation with its headquarters in Marietta, Georgia. West conducts business within the State of Oregon and its registered Oregon agent for service is Corporation Service Company, located at 285 Liberty Street NE, Salem, Oregon 97301. West uses the instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is a debt collector as defined by 15 U.S.C. § 1692a(6).

7.     Defendant JPMorgan Chase Bank, N.A. (hereinafter "Chase") is a national banking association with its headquarters located in Columbus, Ohio, and it conducts frequent business within the State of Oregon.

FACTUAL ALLEGATIONS

8.     All actions described herein relate to an alleged debt owed to Chase in regards to a bank account ending in 0637 that was used for personal, family, and/or household purposes and for which Mr. Thurman and Ms. Thurman were joint account holders/obligors (hereinafter "alleged debt").

9.     On or about September 1, 2011, Plaintiff Clark K. Thurman composed a letter (hereinafter the "Chase Letter") to be forwarded to Defendant Chase's recovery department at the address as listed on the most recent collection letter sent by Chase. In the Chase Letter, Mr. Thurman stated that he had no resources to pay the alleged debt, listed his Chase account number indentified with the alleged debt, and requested that Chase stop calling his cellular number ending in 2954.The Chase Letter was forwarded to Chase via United States Postal Service ("USPS") *Priority Mail* with *Delivery Confirmation* service and the USPS tracking service indicates that the Chase letter was delivered to Chase on September 6, 2011.

10.    For purposes of this Complaint, the term *automatic telephone dialing system* (hereinafter "ATDS") refers to a system that has the capacity to dial numbers without human intervention or otherwise meets the definition of a device/system as set forth in 47 U.S.C. § 227(a)(1) and/or Would otherwise implicate the prohibitions as set forth in 47 U.S.C. § 227(b).

11.    Upon information and belief, Chase used an ATDS and/or an automated or artificial voice to place at least ten (10) calls, originating from phone number (877) 287-7303, to Mr. Thurman's cellular number ending in 2954, not for emergency purposes, on or about the dates and times that follow:

(a) September 7, 2011 at 9:46 A.M. Pacific Standard Time (hereinafter all times set forth in this paragraph below refer to Pacific Standard Time);

(b) September 7, 2011 at 5:59 P.M.,

(c) September 8, 2011 at 9:33 A.M.,

(d) September 8, 2011 at 4:52 P.M,

(e) September 9, 2011 at 9:28 A.M.,

(f) September 9, 2011 at 5:37 P.M.,

(g) September 10, 2011 at 2:20 P.M,

(h) September 12, 2011 at 10:36 A.M,

(i) September 13, 2011 at 10:07 A.M, and

(j) September 14, 2011 at 10:13 A.M.

12. Given the opportunity for discovery, Mr. Thurman reasonably believes that Chase used an ATDS and/or an automated or artificial voice to place all of the calls set forth in Paragraph 11 above, and thus each of these ten (10) calls were made constitute a violation of 47 U.S.C. § 227(b)(1)(A)(iii).

13. Because Chase received Mr. Thurman's Chase Letter, which requested that Chase stop Calling Mr. Thurman's cellular number ending in 2954, each call to Mr. Thurman's cellular number ending in 2954, as set forth in Paragraph 11 above, was an intentional call made with knowledge of Mr. Thurman's affirmative request that Chase stop calling his cellular phone.

14. Ms. Thurman received a collection letter from West, dated September 20, 2011, which demanded an amount of $621.00 to be paid in full to satisfy the alleged debt.

15. On or about September 24, 2011, Ms. Thurman, with the help of her son Mr. Thurman, forwarded a letter to West (hereinafter "Ms. Thurman's West Letter"), via USPS *Priority Mail* with Delivery *Confirmation*, to 7333 Tam O'Shanter Drive, Stockton, CA 95210, the address for correspondence as listed on West's initial collection letter. USPS tracking service indicates that

on September 29, 2011, Ms. Thurman's West Letter was delivered to West. Amongst other content, Ms. Thurman's West Letter stated that Ms. Thurman disputed the debt and that she requested verification/validation of the alleged debt pursuant to the FDCPA.

16.     On or about September 28, 2011, Mr. Thurman received a phone call from West to his cellular number ending in 2954, in an attempt to collect the alleged debt.

17.     On or about September 29, 2011, Mr. Thurman forwarded a letter to West (hereinafter "Mr. Thurman's West Letter"), via USPS *Priority Mail* with *Delivery Confirmation*, to 7333 Tam O'Shanter Drive, Stockton, CA 95210, the address for correspondence as listed on West's initial collection letter. USPS tracking service indicates that on October 1, 2011, Mr. Thurman's West Letter was delivered to West. Amongst other content, Mr. Thurman's West Letter stated that Mr. Thurman disputed the alleged debt, requested verification/validation of the alleged debt pursuant to the FDCPA, and requested that all other collection activity cease and desist pending the forwarding of the verification/validation. Mr. Thurman's West Letter also requested that West stop calling Mr. Thurman's cellular number ending in 2954, and requested that any future communications with him be in writing.

18.     Upon information and belief, West used an ATDS and/or an automated or artificial voice to place at least thirty four (34) calls, originating from telephone number (209) 800-1001, to Mr. Thurman's cellular number ending in 2954, not for emergency purposes, within the scope of its employment to collect the alleged debt on behalf of Chase, and in violation of 47 U.S.C. § 227(b)(1)(A)(iii), on or about the dates and times that follow:

- October 3, 2011 at 12:33 P.M. Pacific Standard Time (hereinafter all times set forth in this paragraph refer to Pacific Standard Time),
- October 3, 2011 at 3:33 P.M.,

- October 3, 2011 at 6:43 P.M.,
- October 4, 2011 at 11:20 A.M.,
- October 4, 2011 at 5:56 P.M.,
- October 5, 2011 at 10:24 A.M.,
- October 5, 2011 at 4:35 P.M.,
- October 6, 2011 at 12:17 P.M.,
- October 6, 2011 at 4:49 P.M.,
- October 7, 2011 at 10:30 A.M.,
- October 10, 2011 at 2:11 P.M.,
- October 10, 2011 at 6:32 P.M.,
- October 11, 2011 at 2:41 P.M.,
- October 12, 2011 at 12:36 P.M.,
- October 13, 2011 at 1:31 P.M.,
- October 13, 2011 at 4:31 P.M.,
- October 19, 2011 at 10:07 A.M.,
- October 19, 2011 at 3:42 P.M.,
- October 20, 2011 at 1:34 P.M.,
- October 20, 2011 at 6:01 P.M.,
- October 21, 2011 at 10:42 A.M.,
- October 21, 2011 at 1:52 P.M.,
- October 24, 2011 at 10:33 A.M.,
- October 24, 2011 at 2:55 P.M.,
- October 25, 2011 at 11:02 A.M.,

- October 25, 2011 at 3:05 P.M.,
- October 26, 2011 12:00 P.M.,
- October 26, 2011 4:52 P.M.,
- October 27, 2011 at 12:02 P.M.,
- October 27, 2011 at 4:48 P.M.,
- October 28, 2011 at 12:12 P.M.,
- October 31, 2011 at 12:42 P.M.,
- November 1, 2011 at 1:19 P.M., and
- November 2, 2011 at 11:50 A.M.

19. When receiving some of these calls from West to his cellular number ending in 2954, as set forth in Paragraph 18 above, after stating his greeting Mr. Thurman would be confronted with a computer generated voice that instructed him to remain on the line for the next available representative, but if Mr. Thurman did not immediately offer a greeting after answering these calls there would be "dead air" on the other end of the line until he spoke.

20. Upon information and belief, based upon the fact that West uses or used a "scrub" service to determine whether phone numbers are cell phone numbers, West knew or should have known that it was calling a cellular telephone when calls were made by West to Mr. Thurman's cellular number ending in 2954 as set forth in Paragraph 18 above.

21. Because West received Mr. Thurman's Chase Letter, which requested that Chase stop Calling Mr. Thurman's cellular number ending in 2954, each call to Mr. Thurman's cellular number ending in 2954, as set forth in Paragraph 18 above, was an intentional call made with knowledge of Mr. Thurman's affirmative request that West stop calling his cellular phone.

22. Mr. Thurman did not receive any verification of the alleged debt from West prior to any

of the calls to his cellular number ending in 2954 as listed in Paragraph 18 above, all of which were collection activities/communications that occurred after West had received Mr. Thurman's West Letter disputing the debt, requesting verification, and demanding that West cease and desist all collection activity with the exception of written correspondence in regard to verification/validation of the alleged debt.

23. As a direct and proximate result of Defendant West's actions and violations of the FDCPA as set forth herein, Mr. Thurman has suffered actual damages in the form of emotional distress including anger, anxiety, worry, frustration, and feelings of helplessness among other negative and harmful emotions.

24. On or about November 5, 2011, Ms. Thurman received a second collection letter from West, dated September 2, 2011, that offered settlement of the alleged debt for the amount of $372.60 if such amount was remitted to West by November 25, 2011.

25. Ms. Thurman did not receive any verification of the alleged debt from West prior to receiving the subsequent collection letter from West as described in Paragraph 24 above, and this second collection letter was dated and received after West had received Ms. Thurman's West Letter disputing the alleged debt, requesting verification/validation of the alleged debt, and demanding that West cease and desist all collection activity with the exception of written correspondence in regard to verification/validation of the alleged debt.

26. As a direct and proximate result of Defendant West's actions and violations of FDCPA as set forth herein, Ms. Thurman has suffered actual damages in the form of emotional distress, anger, anxiety, worry, and frustration, among other negative and harmful emotions.

### TRIAL BY JURY

27. Plaintiffs are entitled to and hereby respectfully demand a trial by jury. US Const.

amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I

## TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227 *et seq.*)

28.     Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

29.      The ten (10) calls placed by Chase to Mr. Thurman's cellular phone using an ATDS and/or prerecorded or automatic voice constitute numerous and multiple violations of the TCPA pursuant to 47 U.S.C. § 227(b)(1), and as a result of these violations Mr. Thurman seeks statutory damages of $500 per violation (per prohibited call) pursuant to 47 U.S.C. § 227(b)(3)(B), trebled to $1,500 per violation (per prohibited call), pursuant to 47 U.S.C. § 227(b)(3)(C) as the facts indicate that the all of these calls were willful and/or knowing violations of the law.

30.     All of the thirty four (34) calls placed by West to Mr. Thurman's cellular phone using an ATDS and/or prerecorded or automatic voice constitute numerous and multiple violations of the TCPA pursuant to 47 U.S.C. § 227(b)(1), and as a result of these violations Mr. Thurman seeks statutory damages of $500 per violation (per prohibited call) pursuant to 47 U.S.C. § 227(b)(3)(B), trebled to $1,500 per violation (per prohibited call), pursuant to 47 U.S.C. § 227(b)(3)(C) as the facts indicate that the all of these calls were willful or knowing violations of the law.

31.     The Federal Communications Commission has stated that when an autodialed or prerecorded message call is placed to a wireless number, the creditor on whose behalf the call was placed also bears the responsibility for any violation of the Commission's rules. Thus, Chase

is jointly liable for each of the thirty four (34) calls placed by West to Mr. Thurman's cellular phone, on behalf of Chase, using an ATDS and/or prerecorded or automatic voice, which constitute numerous and multiple violations of the TCPA pursuant to 47 U.S.C. § 227(b)(1). As a result of these violations Mr. Thurman seeks statutory damages of $500 per violation (per prohibited call) pursuant to 47 U.S.C. § 227(b)(3)(B), trebled to $1,500 per violation (per prohibited call), pursuant to 47 U.S.C. § 227(b)(3)(C) as the facts indicate that the all of these calls were willful or knowing violations of the law.

## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 *et seq.*)

32.     Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

33.     As to Mr. Thurman, the foregoing acts and omissions of West set forth above constitute numerous and multiple violations of the FDCPA including, but not limited to, all of the thirty four (34) calls placed to Mr. Thurman's cellular number ending in 2954, as set forth in Paragraph 18 above, were made by West after West had received Mr. Thurman's West Letter disputing the alleged debt, requesting verification/validation of the alleged debt, and demanding West to cease and desist with all collection activities/communications with the exception of written correspondence to verify/validate the alleged debt, thus each of these calls is a violation of 15 U.S.C.§1692g(b) and 15 U.S.C.§1692c(c), and these calls constitute unlawful conduct by causing Mr. Thurman's cellular phone to ring repeatedly and continuously with the intent to annoy, abuse, or harass Mr. Thurman, in violation of 15 U.S.C. §1692d(5).  As a result of these violations of the FDCPA,  Mr. Thurman is entitled to actual damages pursuant to 15 U.S.C. §

1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15U.S.C. § 1692k(a)(3).

34.     As to Ms. Thurman, the foregoing acts and omissions of West as set forth above constitute numerous and multiple violations of the FDCPA including, West's second collection letter dated September 2, 2011, was dated and received by Ms. Thurman after West had received Ms. Thurman's West Letter disputing the alleged debt, requesting verification/validation of the alleged debt, and demanding West to cease and desist with all collection activities/communications with the exception of written correspondence to verify/validate the alleged debt. Thus this second collection letter sent to Ms. Thurman by West was a violation of U.S.C.§1692g(b) and 15 U.S.C.§1692c(c). As a result of these violations, Ms. Thurman is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mr. Thurman prays that judgment be entered against both Defendants Chase and West:

## COUNT I

## TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227 *et seq*.)

for an order enjoining each Defendant from violating the TCPA pursuant to 47 U.S.C. § 227(b)(3)(A);

for an award against each Defendant of $500 per violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B);

///

for a finding that each Defendant's violations of the TCPA were willful and/or knowing thus an award of trebled damages of $1,500 for each violation, pursuant to 47 U.S.C. § 227(b)(3); and

for an award of costs/disbursements other further relief as the Court deems just and proper.

WHEREFORE, Plaintiffs Mr. Thurman and Ms. Thurman pray that judgment be entered against Defendant West only:

COUNT II

FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 *et seq*.)

for an award of actual damages, including emotional distress, pursuant to 15 U.S.C. 1692k(a)(1);

for an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A);

for an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and

for an award of other further relief as the Court deems just and proper.

DATED: September 27, 2012

Respectfully Submitted by:

/s/ Kelly D. Jones
Kelly D. Jones- OSB #074217
Plaintiff's Lead Attorney

Bret Knewtson, OSB #03355
Plaintiff's Attorney
